UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Dasha Dalya Ronika Jennings, | ) | C/A No. 6:25-cv-6891-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Greenville County Police Department, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Plaintiff, proceeding *pro se*, brings this civil action against the above-named Defendant. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. For the reasons below, the undersigned concludes that this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

     Plaintiff commenced this action by filing a Complaint on the standard form against several Defendants including the Greenville County Library System, Greenville County Police Department, United Housing Connections, S.C. Works Greenville Center, Greenville County, and the United States of America. ECF No. 1. By Order dated July 10, 2025, the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. § 1915, the Complaint was subject to summary dismissal for the reasons identified by the Court in its Order. ECF No. 7. The Court noted, however, that Plaintiff might be able to cure the deficiencies of her Complaint and granted Plaintiff twenty-one days to file an amended complaint. *Id*. at 20. Plaintiff was notified that "an

1

amended complaint replaces all prior complaints and should be complete in itself." *Id*. Further, Plaintiff was specifically warned:

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 without further leave to amend.

*Id*. at 20–21 (emphasis omitted). Plaintiff filed an Amended Complaint, which was entered on the docket on July 23, 2025. ECF No. 10. Notably, Plaintiff names only the Greenville County Police Department. Plaintiff also filed separate actions against the other Defendants named in the original Complaint. *See* case numbers 6:25-cv-8517, 6:25-cv-8521, 6:25-cv-8525, and 6:25-cv-8530.

**Allegations from the Amended Complaint**

Plaintiff's Amended Complaint makes similar allegations to those in the original Complaint. Plaintiff purports to bring claims under 42 U.S.C. § 1983 for violations of the Fourth Amendment for unlawful arrest and under 18 U.S.C. § 242. ECF No. 10 at 3. Plaintiff alleges:

> Defendant called by phone "so-called" mental health subordinate without probable cause or warrant and held Plaintiff in detainment under false pretenses. Police knowingly placed me in handcuffs, placed me in a police cab, without a crime being committed. Plaintiff descried in details [sic] the truth.

*Id*. at 5. For her relief, Plaintiff seeks money damages. *Id*.

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining a plaintiff may proceed into the litigation process only when her complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

3

**DISCUSSION**

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Amended Complaint filed in this case is subject to dismissal for the reasons below.

**Defendant Entitled to Dismissal**

The only Defendant named in this action—identified as "Greenville County Police Department"—is subject to dismissal. It is unclear as to whether Plaintiff is suing the Greenville County Sheriff's Office[1] or the City of Greenville Police Department. Regardless, both entities are subject to dismissal.

---

[1] In addition to the reasons for dismissal stated above, if Plaintiff intends to name the Greenville County Sheriff's Office, it is entitled to Eleventh Amendment immunity. Sheriff's departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550; 1975 S.C. Att'y Gen'l Op. No. 47 (Jan. 22, 1975); *see also* S.C. Code Ann. § 23-13-10 (providing that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff); *Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (explaining the sheriff of Greenville County is "an arm of the State"). Thus, a suit against the Greenville County Sheriff's Office is a suit against the state of South Carolina for purposes of Eleventh Amendment immunity. *See Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988) (explaining that a sheriff's office

It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001). Inanimate objects such as buildings, facilities, and grounds do not qualify as "persons" and cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (noting the detention center was a building that was not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Similarly, the staff of an organization is not considered a person subject to suit under 42 U.S.C. § 1983, and groups of people may not be sued under § 1983. *See Dalton v. SCDC*, C/A No. 8:09-cv-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

"Police departments, buildings, and correctional institutions usually are not considered legal entities subject to suit." *Zikomo v. Johnson*, C/A No. 6:22-cv-1471-DCC-JDA, 2022 WL 5261227, at *5 (D.S.C. June 7, 2022), *R&R adopted by* 2022 WL 5250237 (D.S.C. Oct. 6, 2022), *aff'd*, No. 22-7260, 2023 WL 5624557 (4th Cir. Aug. 31, 2023). "[T]he Greenville Police

---

is a state agency and noting sheriff's office is entitled to Eleventh Amendment immunity from suit); *see also Cash v. Thomas*, C/A No. 12-cv-1278, 2013 WL 3804375, at *7 (D.S.C. July 19, 2013) ("It is well settled, both in South Carolina and federal law, that a Sheriff in South Carolina is an arm of the State and not a County employee and therefore is entitled to Eleventh Amendment Immunity in his or her official capacity from suit in Federal Court.") (citations omitted). The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. U.S. Const. Amend. XI; *see also Alden v. Maine*, 527 U.S. 706, 752 (1999); *Harter v. Vernon*, 101 F.3d 334, 338–39 (4th Cir. 1996); *Bellamy v. Borders*, 727 F. Supp. 247, 248–50 (D.S.C. 1989). Because the Eleventh Amendment bars the relief that Plaintiff requests against the Greenville County Sheriff's Office, the Amended Complaint fails to state a claim on which relief may be granted against this Defendant.

Department is subject to dismissal as it is not a 'person' under § 1983." *Zakaria v. South Carolina*, C/A No. 6:25-cv-3970-JDA-WSB, 2025 WL 1708114, at *5 (D.S.C. May 20, 2025), *R&R adopted by* 2025 WL 1708109 (D.S.C. June 18, 2025). Accordingly, the Greenville County Police Department is entitled to summary dismissal as a Defendant from this § 1983 action. *Freeman v. Anderson City Police Dep't*, No. 8:21-cv-03872-JMC-JDA, 2022 WL 507610, at *3 (D.S.C. Jan. 19, 2022), *R&R adopted by* 2022 WL 507424 (D.S.C. Feb. 17, 2022).

To the extent that Plaintiff seeks to hold Defendant liable under a respondeat superior theory, such a claim is not available in a § 1983 action. *Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Defendant would be liable for injuries stemming from a deprivation of constitutional rights by the Defednant's deputies only "if [they] cause[d] such a deprivation through an official policy or custom." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (citing *Monell*, 436 U.S. at 690–91). Sources of "official policy or custom" giving rise to liability include (1) "written ordinances and regulations"; (2) "affirmative decisions of individual policymaking officials"; (3) omissions by policymaking officials "that manifest deliberate indifference to the rights of the citizens"; or (4) a practice "so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* (internal quotation marks and citations omitted). Plaintiff makes no allegations regarding the policies or customs of Defendant; therefore, Plaintiff fails to state a § 1983 claim against Defendant. *See Carter v. Georgetown Cnty. Sheriff's Dep't*, C/A No. 3:09-cv-779-CMC-JRM, 2009 WL 1393509, at *4 (D.S.C. May 18, 2009) (granting summary dismissal because "a municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal 'policy' or 'custom' that caused the plaintiff's injury").

**Failure to State a Claim**

The allegations in the Amended Complaint fail to state a claim for relief that is plausible. To state a claim upon which relief can be granted, Plaintiff must do more than make mere conclusory statements. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The Amended Complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The Court need only accept as true the Amended Complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff's allegations in the present pleading fail to satisfy this standard.

Plaintiff's allegations are vague and conclusory and, as explained above, the Amended Complaint fails to identify a proper Defendant responsible for the alleged violations of Plaintiff's rights. Plaintiff's conclusory assertions fail to satisfy the applicable pleading requirements. *See, e.g., Wright v. Cnty. of York, S.C.*, C/A No. 0:22-cv-3407-CMC-PJG, 2022 WL 18635123, at *2 (D.S.C. Dec. 9, 2022) ("Plaintiff provides no facts that would explain who injured him or how, such as why his arrest was unlawful or how his detention has violated his rights. He provides no facts about the defendants, and his purported requests for relief are conclusory and unclear."); *Montgomery v. United States*, C/A No. 5:14-CT-3279-H, 2016 WL 7647572, at *2 (E.D.N.C. Mar. 7, 2016) ("[Plaintiff does not conspicuously allege important details showing who caused the harm, or when and where it occurred. The allegations contained in plaintiff's complaint . . . were too speculative, generalized, and conclusory to show a basis in fact and are, therefore, meritless."), *aff'd*, 654 F. App'x 635 (4th Cir. 2016). The Amended Complaint must therefore be dismissed for failure to state a claim upon which relief can be granted. *See VanDerHorst v. South Carolina*, C/A No. 2:20-cv-2501-RMG-PJG, 2020 WL 4572739, at *2 (D.S.C. Aug. 7, 2020); Fed. R. Civ.

P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Iqbal*, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support). The precise nature of Plaintiff's causes of action are not entirely clear. Regardless of how the claims are construed, the allegations fail to establish that Plaintiff is entitled to relief.

Plaintiff purports to assert violations of 18 U.S.C. § 242. ECF No. 10 at 2. However, "[t]he violation of a federal criminal statute does not provide for a private cause of action." *Casey v. Orman*, C/A No. 5:08-cv-01373, 2009 WL 2971770, at *5 (S.D.W. Va. Sept. 10, 2009). It is well established that Plaintiff has no right to initiate criminal proceedings against Defendant pursuant to 18 U.S.C. § 242, and that statute provides no right to relief under 42 U.S.C. § 1983. *Id.*; *see also Robertson v. Foster*, C/A No. ELH-16-cv-3610, 2017 WL 1104664, at *6 (D. Md. Mar. 23, 2017) (dismissing with prejudice the plaintiff's claims under 18 U.S.C. §§ 241 and 242). Plaintiff's claim fails because 18 U.S.C. § 242 does not provide a private right of action for damages. *Smith v. Shaw*, C/A No. 5:09-cv-01001, 2012 WL 1832340, at *1 (S.D.W. Va. Apr. 25, 2012), *R&R adopted by* 2012 WL 1831864 (S.D.W. Va. May 18, 2012). "Because it does not create a private right of action, it cannot serve as a basis for subject matter jurisdiction and any claim under this statute is subject to dismissal for failure to state a claim upon which relief can be granted." *Allen v. Hanna Imports*, C/A No. 5:22-cv-301-D, 2023 WL 5345559, at *4 (E.D.N.C. July 31, 2023), *R&R adopted by* 2023 WL 5338992 (E.D.N.C. Aug. 18, 2023).

Plaintiff also appears to assert a claim for false arrest. ECF No. 10 at 3, 5. "To state a claim for false arrest under the Fourth Amendment, a Plaintiff must establish 1) that there was an arrest; and 2) that the arrest was made without probable cause." *Magwood v. Streetman*, C/A No.

2:15-cv-1600-RMG-BM, 2016 WL 5334678, at *8 (D.S.C. Aug. 15, 2016), *R&R adopted by* 2016 WL 5339579 (D.S.C. Sept. 22, 2016).  Plaintiff must also identify the individuals "responsible for her being arrested without probable cause."  *Id*.  Plaintiff's cursory assertions fail to establish a claim for relief.  Plaintiff does not identify who arrested her or when.  Plaintiff also fails to allege facts showing she was arrested without probable cause.  Plaintiff's allegations are mere legal conclusions and fail to present sufficient averments to establish a claim for relief.

Liberally construing the pleadings filed in this case, the Court is unable to make out any plausible cause of action.  The cursory allegations in the Complaint and the Amended Complaint lack factual allegations to state a claim for relief.  Plaintiff must allege more than mere conclusory assertions to state a plausible claim.  *See Griffith v. State Farm Fire and Cas. Co.*, No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)).  Thus, this action is subject to dismissal because Plaintiff has failed to state a claim for relief.

**CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, it is recommended that the district court **DISMISS** this action pursuant to 28 U.S.C. § 1915 without further leave to amend[2] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

August 5, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] As Plaintiff has been afforded an opportunity to file an Amended Complaint but failed to correct her pleading deficiencies, the undersigned recommends that this action be dismissed without further leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>250 East North Street, Suite 2300
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).